LeCLAIR RYAN, A Professional Corporation
830 Third Avenue
New York, New York 10022
Telephone:  (212) 430-8032
Facsimile:  (212) 430-8062
Michael T. Conway, Esq.

Attorneys for Defendant
*Joie de Vivre Hospitality, Inc.*
*Improperly pleaded as Joie De Vivre, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

JUDD KAROFSKY,

                              Plaintiff,                              Case Number: 08 CV 01007 (SCR)

                                                                     **NOTICE OF MOTION**
            v.                                                       **TO DISMISS COMPLAINT**

JOIE DE VIVRE, INC.,

                              Defendant.

_____

PLEASE TAKE NOTICE that upon the annexed March 3, 2008 Declaration of Euan

Taylor, the March 6, 2008 Declaration of Michael Conway, the exhibits annexed thereto, the

accompanying memorandum of law and upon all the pleadings and proceedings heretofore had

herein, Defendant Joie de Vivre Hospitality, Inc. (improperly sued as "Joie de Vivre") by and

through their undersigned counsel, will move this Court in Courtroom 621 of the Courthouse,

located at 300 Quarropas St., White Plains, New York 10601, at a date and time to be

determined, for an Order pursuant to Fed. R. Civ. P. Rule 12(b)(2) and 12(b)(3), for the dismissal

of the Complaint filed by Plaintiff Judd Karofsky.

This motion is based on lack of personal jurisdiction and improper venue.  The factual and legal bases for this motion are more fully set forth in the accompanying memorandum of law.

Dated: New York, New York
      March 7, 2008

LECLAIR RYAN, a Professional Corporation


By:   /s/  Michael T. Conway
      Michael Conway, Esq.
      950 Third Avenue
      New York, NY  10022
      Phone:  212-758-9300
      Fax:  212-888-0919


*Attorneys for Joie de Vivre Hospitality, Inc.*

LeCLAIR RYAN, A Professional Corporation
830 Third Avenue
New York, New York 10022
Telephone:  (212) 430-8032
Facsimile:  (212) 430-8062
Michael T. Conway, Esq.

*Attorneys for Defendant*
*Joie de Vivre Hospitality, Inc.*
*Improperly pleaded as Joie De Vivre, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

JUDD KAROFSKY,

                      Plaintiff,

          v.

JOIE DE VIVRE, INC.,

                   Defendants.

---------------------------------------------------------X

Case Number: 08 CV 01007 (SCR)

**DECLARATION OF EUAN TAYLOR**
**IN SUPPORT OF MOTION TO DISMISS**

I, Euan Taylor, being more than 18 years old and competent to testify, pursuant to 28 U.S.C. § 1746, declare as follows:

      1.     I am the Managing Director of Hotel Vitale and Americano Restaurant and, as such, am fully familiar with the facts as set forth herein.

      2.     This affidavit is based on my personal knowledge and my discussions with certain members of the administration of Joie de Vivre Hospitality, Inc., the managing operator of Hotel Vitale.

      3.     I currently reside in the State of California.

4.      Upon information and belief, I believe that Joie de Vivre Hospitality, Inc. is the entity incorrectly identified in the Complaint by plaintiff as defendant "Joie De Vivre, Inc."

5.      Joie de Vivre Hospitality, Inc. (hereinafter "Joie de Vivre") is a corporation organized under the laws of the State of California with its principal place of business located at 530 Bush Street, Suite 501, San Francisco, California.

6.      Joie de Vivre operates hotels exclusively within the confines of the State of California.

7.      Joie de Vivre has no employees or agents working on its behalf in the State of New York.

8.      Joie de Vivre does not maintain an office or telephone listing in the State of New York.

9.      Joie de Vivre does not maintain any bank accounts in the State of New York.

10.     Joie de Vivre does not own, lease or use any real estate in the State of New York.

11.     Joie de Vivre does not provide hotel or other services in the State of New York.

12.     Joie de Vivre does not own or operate any educational or training facilities relating to hotel services in the State of New York

13.     Joie de Vivre has not entered into any contracts to provide hotel services in the State of New York.

14.     Joie de Vivre does not pay state income tax in New York.

15.     Joie de Vivre does not directly solicit business from hotel guests in New York, although occasional trips to the New York area are made by Hotel Vitale employees to speak with travel agents.

16.     Joie de Vivre has no registered agent in New York.

2

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 3, 2008

/s/  Euan Taylor
Euan Taylor

LeCLAIR RYAN, A Professional Corporation
830 Third Avenue
New York, New York 10022
Telephone:  (212) 430-8032
Facsimile:  (212) 430-8062
Michael T. Conway, Esq.

Attorneys for Defendant
*Joie de Vivre Hospitality, Inc.*
*Improperly named as Joie De Vivre, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

JUDD KAROFSKY,

                   Plaintiff,

      v.

JOIE DE VIVRE, INC.,

              Defendant.

_____

Case Number: 08 CV 01007 (SCR)

**DECLARATION OF
MICHAEL T. CONWAY IN
SUPPORT OF MOTION TO DISIMSS**

     I, Michael T. Conway, being more than 18 years old and competent to testify, pursuant to 28 U.S.C. § 1746, declare as follows:

     1.     I am an attorney at law of the State of New York and licensed to practice in the Southern District of New York.  I am a partner in the law firm LeClairRyan, P.C., counsel for Defendant Joie de Vivre Hospitality, Inc., and, as such, am fully familiar with the facts as set forth herein.

     2.     Attached hereto as Exhibit "A" is a true and complete copy of the Complaint filed and served in this matter.

1

3.     Attached hereto as Exhibit "B" is a true and complete copy of the court's opinion

in *Sabatino v. St. Barnabas Medical Center, et al.*, 2005 U.S. Dist. LEXIS 20647.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
        March 6, 2008

/s/Michael T. Conway
Michael T. Conway

**Exhibit A**

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern _____ District of _____ New York

JUDD KAROFSKY

**SUMMONS IN A CIVIL ACTION**

V.

JOIE DE VIVRE, INC.

CASE NUMBER:

# 08 CV 01007

TO: (Name and address of Defendant)

Joie de Vivre, Inc.
8 Mission Street
San Francisco, California 94105

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Law Offices of Daniel M. Tanenbaum, 111 Great Neck Road, Suite 308,
Great Neck, New York 11021

an answer to the complaint which is served on you with this summons, within _____thirty (30)_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

JAN 3 1 2008

CLERK                                                    DATE

(By) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
JUDD KAROFSKY,

Plaintiff,

-against-

JOIE DE VIVRE, INC.,

Defendants.
--------------------------------------------------------X

**08 CV 01007**

Index No.

**COMPLAINT**



PLAINTIFF DEMANDS A
TRIAL BY JURY

JAN 3 1 2008

U.S.D.C. N.Y.

Plaintiff, JUDD KAROFSKY, by his attorneys LAW OFFICES OF DANIEL M.

TANENBAUM, complaining of the Defendant herein, respectfully alleges the following upon

information and belief:

1.      At all times hereinafter mentioned, the Plaintiff herein was and still is a citizen of the

State of New York and resided in the County of Westchester.

2.      Upon information and belief, at all times hereinafter mentioned, the Defendant, JOIE DE

VIVRE, INC., was and still is a domestic corporation under the laws of the State of

California.

3.      The matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-

five thousand dollars ($75,000.00).

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1332 based

upon the diversity of citizenship of the parties and the amount in controversy.

5.      Plaintiff resides in the Southern District of New York and therefore venue is properly

placed in the United States District Court for the Southern District of New York.

6.      Defendant is the owner of the Hotel Vitale, among other hotels, (the "Hotel") located at 8

Mission Street, San Francisco, California 94105.

7.    On or about June 28, 2007, the Plaintiff was a registered guest at the Hotel Vitale and was assigned a room at the Hotel for his use and occupancy.

8.    On June 29, 2007, while Plaintiff was a guest in the Hotel, Plaintiff was kidnapped from the Hotel bar, drugged, assaulted, robbed and left wounded in an alley in Chinatown, San Francisco.

9.    Other incidents of similar patterns of criminal activity were recorded to have taken place at Hotels throughout the San Francisco metropolitan area particularly from Hotels similar to Defendant with a Hotel bar and Defendant knew or should have known of the incidents.

10.   Notwithstanding these facts, Defendant had inadequate security at said bar insofar as the Defendant employed only one bouncer at the bar and no additional security.

11.   Defendant had a duty to Plaintiff and other business invitees to provide a safe and secure environment.

12.   The Defendant negligently breached said duty by failing to provide adequate and safe protection to the Plaintiff while the Plaintiff was a guest in the Hotel. Further, the Defendant failed to exercise reasonable care and make reasonable provisions for the guests in its Hotel, specifically the Plaintiff, against foreseeable damages resulting from intentional or criminal conduct on the part of individuals entering and remaining in the Hotel, and the Defendant was negligent in failing to properly supervise and control the entrances to the Hotel and to control the ingress and egress to the upper floors of its Hotel.

13.   As a result of Defendant's negligence, Plaintiff sustained permanent personal injuries and was rendered sick and disabled which require and will continue to require future medical

attention.

14.    As a result of the foregoing, the Plaintiff has been damaged in an amount to be

determined by the court at the time of trial, together with interest, costs and

disbursements of this action.

WHEREFORE, Plaintiff demands a judgment against Defendant, on the first cause of

action in an amount to be determined by the court at the time of trial, together with interest, costs

and disbursements of this action, and such other relief as this Court deems just and proper.

Plaintiff demands a trial by jury pursuant to Federal Rule of Civil Procedure 38B.

Dated: Great Neck, New York
       January 14, 2008

LAW OFFICES OF
DANIEL M. TANENBAUM

By.:    _____

Daniel M. Tanenbaum (DT 2858)
Attorneys for Plaintiff
111 Great Neck Road, Suite 308
Great Neck, New York 11021-5402
(516) 829-4620

**Sign Off**

Search · Locations · Mail · Help · En Español ▾

| Accounts | Bill Pay | Transfers | Business Tools | Investments | Payroll | Customer Service |

Accounts Overview    **Account Details**    My Portfolio    Alerts

## Checking - 9671

**Account:** Select Account    ▦  Go

### Balance Summary  [?]

$7,068.30  **Available balance as of 02/05/2008** [1]

**Account number:**

Show account number

Turn off Popup Help

**Merchant Card Processing**

You can **get $200** and **fast access** to your funds.

Learn More

### Customer Service

Stop mailing paper statements
Manage alerts

Show me more services...

**Account Activity**    **My Statements**    **Find Transactions**

Quick Find    [Find]

**Go to:** Today (Feb 5, 2008)  ▾

Newest · Next · **Previous** · Oldest

**Transactions**  [?]

Print · Download

| Date ↓ | Description | Type ▾ | Status ▾ | Amount | Balance |
|---|---|---|---|---|---|
| Pending | CHECKCARD COSTCO WHSE #00422 SO SAN FRANC... | | P | -$207.56 | $7,068.30 |
| Pending | MERCHANT SERVICE DES:M ERCH DEP ID:8000479... | | P | $1.00 | $7,275.86 |
| Pending | MERCHANT SERVICE DES:M ERCH DEP ID:8000479... | | P | $43.50 | $7,274.86 |
| Pending | MERCHANT SERVICE DES:M ERCH DEP ID:8000479... | | P | $545.00 | $7,231.36 |
| ▾ 02/04/2008 | Check 1471: Edit Details | | C | -$1.00 | $6,686.36 |

View Front · View Back · View Front and Back · View Details

6145847058

[Print check]    [Check and details]

If you are unable to view this item and require customer service to describe it to you, please call the customer service phone number located on your account statement. More information about images and image availability.

| Date | Description | | | Amount | Balance |
|------|-------------|---|---|--------|---------|
| ▶ 02/04/2008 | S AND R SERVICES 02/01 CARD #0245 PURCHASE... | | C | -$1.00 | $6,687.36 |
| ▶ 02/04/2008 | S AND R SERVICES 02/01 CARD #3805 PURCHASE... | | C | -$1.00 | $6,688.36 |
| ▶ 02/04/2008 | BLOCKBUSTER.COM 02/01 CARD #0245 PURCHASE... | | C | -$21.64 | $6,689.36 |
| ▶ 02/04/2008 | Staples, Inc. 02-01 CUSTOMER 3805 PURCH... | | C | -$21.64 | $6,711.00 |
| ▶ 02/04/2008 | CHEVY'S 2019 02/01 CARD #3805 PURCHASE... | | C | -$32.48 | $6,732.64 |
| ▶ 02/04/2008 | USPS POSTAL STORE 02/0 1 CARD #3805 PURCHA... | | C | -$120.00 | $6,765.12 |
| ▶ 02/04/2008 | MERCHANT SERVICE DES:M ERCH FEE ID:8000479... | | C | -$132.05 | $6,885.12 |
| ▶ 02/04/2008 | Check 617: Edit Details | | C | -$375.00 | $7,017.17 |
| ▶ 02/04/2008 | GOOGLE *ADWORDS 02/02 CARD #3805 PURCHASE... | | C | -$511.47 | $7,392.17 |
| ▶ 02/04/2008 | Check 1470: Edit Details | | C | -$552.00 | $7,903.64 |
| ▶ 02/04/2008 | MERCHANT SERVICE DES:M ERCH DEP ID:8000479... | | C | $1.00 | $8,455.64 |
| ▶ 02/04/2008 | MERCHANT SERVICE DES:M ERCH DEP ID:8000479... | | C | $45.00 | $8,454.64 |
| ▶ 02/04/2008 | MERCHANT SERVICE DES:M ERCH DEP ID:8000479... | | C | $55.00 | $8,409.64 |
| ▶ 02/01/2008 | Check 616: Edit Details | | C | -$6.50 | $8,354.64 |
| ▶ 02/01/2008 | Lucky #748 02-01 CUSTO MER 3805 PURCHASE #... | | C | -$16.98 | $8,361.14 |
| ▶ 02/01/2008 | Check 627: Edit Details | | C | -$20.00 | $8,378.12 |
| ▶ 02/01/2008 | Check 628: Edit Details | | C | -$195.00 | $8,398.12 |
| ▶ 02/01/2008 | Check 626: Edit Details | | C | -$204.50 | $8,593.12 |
| ▶ 02/01/2008 | Check 615: Edit Details | | C | -$270.00 | $8,797.62 |
| ▶ 02/01/2008 | BKOFAMERICA ATM WITHDR WL 02-01 #005427 CU... | | C | -$300.00 | $9,067.62 |
| ▶ 02/01/2008 | UPS Bill Payment | | C | -$13.46 | $9,367.62 |
| ▶ 02/01/2008 | BKOFAMERICA ATM DEPOSI T 02-01 #005426 CUS... | | C | $4,283.60 | $9,381.08 |
| ▶ 02/01/2008 | MERCHANT SERVICE DES:M ERCH DEP ID:8000479... | | C | $55.00 | $5,097.48 |
| ▶ 02/01/2008 | MERCHANT SERVICE DES:M ERCH DEP ID:8000479... | | C | $55.00 | $5,042.48 |
| ▶ 02/01/2008 | MERCHANT SERVICE DES:M ERCH DEP ID:8000479... | | C | $75.00 | $4,987.48 |
| ▶ 01/31/2008 | COSTCO GAS #00422 01-3 1 CUSTOMER 0245 PUR... | | C | -$49.66 | $4,912.48 |
| ▶ 01/31/2008 | Check 612: Edit Details | | C | -$335.00 | $4,962.14 |
| ▶ 01/31/2008 | CFC Network, Inc. Bill Payment | | C | -$212.82 | $5,297.14 |
| ▶ 01/31/2008 | Washington Mutual Card Services Bill Payment | | C | -$300.00 | $5,509.96 |
| ▶ 01/31/2008 | Citibank Credit Card Bill Payment | | C | -$300.00 | $5,809.96 |
| ▶ 01/31/2008 | MERCHANT SERVICE DES:M ERCH DEP ID:8000479... | | C | $65.00 | $6,109.96 |
| ▶ 01/30/2008 | Check 1462: Edit Details | | C | -$5.00 | $6,044.96 |
| ▶ 01/30/2008 | Check 1463: Edit Details | | C | -$15.00 | $6,049.96 |
| ▶ 01/30/2008 | Check 1449: Edit Details | | C | -$30.00 | $6,064.96 |
| ▶ 01/30/2008 | Check 1450: Edit Details | | C | -$30.00 | $6,094.96 |
| ▶ 01/30/2008 | Check 1455: Edit Details | | C | -$130.00 | $6,124.96 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ▶ | 01/30/2008 | Lucky #748 01-29 CUSTOMER 3805 PURCHASE #... | | | | -$155.34 | $6,254.96 |
| ▶ | 01/30/2008 | MERCHANT SERVICE DES:MERCH DEP ID:8000479... | | | | $55.00 | $6,410.30 |
| ▶ | 01/30/2008 | MERCHANT SERVICE DES:MERCH DEP ID:8000479... | | | | $309.50 | $6,355.30 |
| ▶ | 01/30/2008 | MERCHANT SERVICE DES:MERCH DEP ID:8000479... | | | | $796.95 | $6,045.80 |
| ▶ | 01/30/2008 | BKOFAMERICA ATM DEPOSIT 01-29 #007254 CUS... | | | | $4,547.00 | $5,248.85 |
| ▶ | 01/30/2008 | CHECK DEPOSIT ADJUSTMENT | | | | $10.00 | $701.85 |
| ▶ | 01/29/2008 | ONLINE GAMES POGO/EA 01/28 CARD #3805 PU... | | | | -$39.99 | $691.85 |
| ▶ | 01/29/2008 | COSTCO GAS #00422 01-28 CUSTOMER 3805 PUR... | | | | -$65.00 | $731.84 |
| ▶ | 01/29/2008 | COSTCO WHSE #0042 01-28 CUSTOMER 3805 PUR... | | | | -$176.70 | $796.84 |

**Showing:** All entries

Icon Legend                                            Print  ·  Download

**Go to:**  Today (Feb 5, 2008)        Newest · Next · Previous · Oldest

[1] Includes amounts subject to any holds. Learn more

🔒 **Secure Area**

Accounts · Bill Pay · Transfers · Business Tools · Investments · Payroll · Customer Service
Privacy & Security · Search · Locations · Alerts · Mail · Help · Site Map · Sign Off

Bank of America, N.A. Member FDIC. Equal Housing Lender 🏠
© 2008 Bank of America Corporation. All rights reserved.

Investment products offered through Banc of America Investment Services, Inc.® ("BAI"), annuities offered through BAI and its subsidiaries, and insurance products offered through Banc of America Insurance Services, Inc.(doing business in New York as Banc of America Insurance Agency) ("BAISI"):

| Are Not FDIC Insured | Are Not Bank Guaranteed | May Lose Value |
|---|---|---|
| Are Not Deposits | Are Not Insured by Any Federal Government Agency | Are Not a Condition to Any Banking Service or Activity |

**Investing in securities involves risks, and there is always the potential of losing money when you invest in securities.**
**Banc of America Investment Services, Inc.** is a registered broker-dealer and member FINRA. and SIPC Both BAI and BAISI are licensed insurance agencies and nonbank subsidiaries of Bank of America, N.A.

JS 44C/SDNY
REV. 12/2005 JUDGE ROBINSON

**CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS JUDD KAROFSKY | DEFENDANTS JOIE DE VIVRE JAN 3 1 2008 |
|---|---|

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Law Offices of Daniel M. Tanenbaum, 111 Great Neck Road, Suite 308, Great Neck, New York 11021, 516-829- 4620
4620

ATTORNEYS (IF KNOWN)

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

28 USC Section 1332, Premises Liability

Has this or a similar case been previously filed in SDNY at any time? No ☒  Yes? ☐   Judge Previously Assigned

If yes, was this case Vol.☐ Invol. ☐  Dismissed. No☐  Yes ☐  If yes, give date _____ & Case No. _____

*(PLACE AN [x] IN ONE BOX ONLY)*                    **NATURE OF SUIT**

**ACTIONS UNDER STATUTES**

**TORTS**

**CONTRACT**

[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

**PERSONAL INJURY**

[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[X] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**

[ ] 362 PERSONAL INJURY - MED MALPRACTICE
[ ] 385 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**

[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**FORFEITURE/PENALTY**

[ ] 610 AGRICULTURE
[ ] 620 FOOD & DRUG
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL SAFETY/HEALTH
[ ] 690 OTHER

**LABOR**

[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT

**BANKRUPTCY**

[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**

[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

**SOCIAL SECURITY**

[ ] 861 HIA (1395FF)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC (405(g))
[ ] 863 DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**

[ ] 870 TAXES
[ ] 871 IRS-THIRD PARTY 20 USC 7609

**OTHER STATUTES**

[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE/ICC RATES/ETC
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLU ENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[ ] 875 CUSTOMER CHALLENGE 12 USC 3410
[ ] 891 AGRICULTURE ACTS
[ ] 892 ECONOMIC STABILIZATION ACT
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 894 ENERGY ALLOCATION ACT
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES
[ ] 890 OTHER STATUTORY ACTIONS

**ACTIONS UNDER STATUTES**

**REAL PROPERTY**

[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

**CIVIL RIGHTS**

[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**

[ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

*Check if demanded in complaint:*

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

DEMAND $_____ OTHER _____   JUDGE _____   DOCKET NUMBER_____

*Check YES only if demanded in complaint*
JURY DEMAND: ☒ YES ☐ NO

NOTE:  Please submit at the time of filing an explanation of why cases are deemed related.

| (PLACE AN *x* IN ONE BOX ONLY) | | | ORIGIN | | | | |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2a. Removed from State Court  ☐ 2b. Removed from State Court AND at least one party is a pro se litigant | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from (Specify District) | ☐ 6 Multidistrict Litigation | | ☐ 7 Appeal to District Judge from Magistrate Judge Judgment |

| (PLACE AN *x* IN ONE BOX ONLY) | BASIS OF JURISDICTION | | | IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1332, 1441) |
|---|---|---|---|---|
| ☐ 1 U.S. PLAINTIFF  ☐ 2 U.S. DEFENDANT | ☐ 3 FEDERAL QUESTION (U.S. NOT A PARTY) | ☒ 4 DIVERSITY | | |

## CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | ☒ 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | ☒ 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

Judd Karofsky, 5 Shelly Lane, West Harrison, New York 10604, Westchester County

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

Joie de Vivre, Inc., 8 Mission Street, San Francisco, California 94105, San Francisco County

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

| Check one: | THIS ACTION SHOULD BE ASSIGNED TO: (DO NOT check either box if this a PRISONER PETITION.) | ☒ WHITE PLAINS | ☐ FOLEY SQUARE |
|---|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD | ADMITTED TO PRACTICE IN THIS DISTRICT |
|---|---|---|
| RECEIPT # | | [ ] NO  [x] YES (DATE ADMITTED Mo. 1____ Yr. 1985 ) Attorney Bar Code # DT2858 |

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge ____MAG. YANTHIS_____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Index No.                              Year

JUDD KAROFSKY,

                              PLAINTIFF,

AGAINST

JOIE DE VIVRE, INC.,

                              DEFENDANT.

CIVIL COVER SHEET, SUMMONS
AND COMPLAINT

Print name beneath    Signature (Rule 130-1.1a)

LAW OFFICES OF
DANIEL M. TANENBAUM
Attorney for PLAINTIFF

Office and Post Office Address, Telephone
111 GREAT NECK ROAD
SUITE 308
GREAT NECK, NEW YORK 11021
(516) 829-4620
FAX (516) 829-1008

To

Attorney(s) for

Service of a copy of the within is hereby admitted.
Dated,

Attorney(s) for

---

PLEASE take notice that the within is a (certified)
true copy of a
duly entered in the office of the clerk of the within
named court on

Dated,

NOTICE OF ENTRY

Yours, etc.
LAW OFFICES OF
DANIEL M. TANENBAUM

Attorney for

Office and Post Office Address
111 GREAT NECK ROAD
SUITE 308
GREAT NECK, NEW YORK 11021

To

Attorney(s) for

PLEASE take notice that an order
of which the within is a true copy will be presented
for settlement to the Hon.
one of the judges of the within named Court, at
on
at          M.
Dated,

NOTICE OF SETTLEMENT

Yours, etc.
LAW OFFICES OF
DANIEL M. TANENBAUM

Attorney for

To

Attorney(s) for

**Bank of America**                                        Online Banking

Checking - 9671 : Account Activity

Transaction Details:

| | |
|---|---|
| **Description:** | Check 1471 |
| **Posting date:** | 02/04/2008 |
| **Amount:** | $1.00 |
| **Reference Number:** | 03192728409 |
| **Check number:** | 1471 |
| **Account number:** | DDA-9671 |

**Please Note:** Only items posted to your account within the newest 45 bank business days will be available online.

Check Image:



**Exhibit B**

LEXSEE 2005 U.S. DIST. LEXIS 20647



Analysis
As of: Feb 28, 2008

**JANET SABATINO, Plaintiff, -against- ST. BARNABAS MEDICAL CENTER, ANTHONY P. MASTRO, M.D, DHARAM MANN, M.D., HANG RAE PARK, M.D., KEITH FLEISCHMAN, M.D. and ROBERT S. DORIAN, M.D., Defendants.**

**03 CV 7445 (CSH)**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

*2005 U.S. Dist. LEXIS 20647*

**September 19, 2005, Decided**
**September 20, 2005, Filed**

**PRIOR HISTORY:** *Sabatino v. St. Barnabas Med. Ctr., 2005 U.S. Dist. LEXIS 930 (S.D.N.Y., Jan. 24, 2005)*

**DISPOSITION:**    [*1]  Defendants' motion to dismiss for lack of personal jurisdiction in the Southern District of New York granted. Plaintiff's request to transfer this action to the District of New Jersey granted.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff patient filed a medical malpractice action against defendants, a medical center and five doctors. Defendants filed three separate motions seeking to dismiss the complaint pursuant to *Fed. R. Civ. P. 12(b)(2)*, asserting that the court lacked personal jurisdiction over them The patient responded by filing a motion to transfer the suit to the United States District Court for the District of New Jersey pursuant to *28 U.S.C.S. § 1631*.

**OVERVIEW:** The medical center was located in New Jersey. The doctors held New Jersey medical licenses, and none of them maintained an office or was licensed to practice in New York. The entire course of the patient's treatment was conducted in New Jersey, and the sole connection with New York was the fact that the patient was a New York resident. The patient entered into a stipulation with the medical center and one of the doctors to discontinue the suit and to refile it in New Jersey. That stipulation mooted the joint dismissal motion filed by those defendants. The court held that the record evidence plainly showed that the remaining three doctors were not subject to the court's general jurisdiction under *N.Y. C.P.L.R. § 301*. The court could not exercise specific jurisdiction over them under *N.Y. C.P.L.R. § 302(a)(1)-(4)* (2001) because they did not transact any business in New York, they did not own property in New York, and the alleged tortious acts and injuries were not committed or sustained in New York. It was appropriate to transfer the suit because the patient had not acted in bad faith and her claims would be time-barred if she was forced to refile the suit in New Jersey.

**OUTCOME:** The court granted the three remaining doctors' dismissal motions and granted the patient's request to transfer the action to the New Jersey district court. It directed the clerk to send the case file to the Clerk of the United States District Court for the District of New Jersey, Newark Division, together with a copy of the court's opinion and order.

**CORE TERMS:** personal jurisdiction, non-domiciliary, personam jurisdiction, general jurisdiction, diversity, tortious act, subject matter jurisdiction, physically present, cause of action, interest of justice, commit, surgical procedure, licensed to practice, statute of limitations, injury to person, want of jurisdiction, doing business, defamation of character, domiciliary, continuous, noticed, accrued, bestow, confer, conduct business, doctors, reply

2005 U.S. Dist. LEXIS 20647, *

**LexisNexis(R) Headnotes**

*Civil Procedure > Jurisdiction > Jurisdictional Sources > General Overview*
*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > General Overview*
*Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > General Overview*
[HN1] A district court sitting in a diversity action may exercise personal jurisdiction to the same extent as the courts of general jurisdiction of the state in which it sits. *Fed. R. Civ. P. 4(k)(1)(A)*. Personal jurisdiction over a defendant in a diversity action in the United States District Court for the Southern District of New York is determined by reference to the relevant jurisdictional statutes of the State of New York.

*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > In Personam Actions > General Overview*
*Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Motions to Dismiss*
*Evidence > Procedural Considerations > Burdens of Proof > General Overview*
[HN2] On a *Fed. R. Civ. P. 12(b)(2)* motion to dismiss for want of personal jurisdiction, the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant. Until an evidentiary hearing is held, the plaintiff need only make a prima facie showing by its pleadings and affidavits that jurisdiction exists.

*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > In Personam Actions > General Overview*
[HN3] New York law provides two means of gaining personal jurisdiction over non-consenting, non-domiciliary defendants who are not served with process while physically present in the forum state.

*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > In Personam Actions > Consent*
*Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Actions > General Overview*
[HN4] Where a district court has jurisdiction of the subject-matter of an action, consent will confer jurisdiction of the person.

*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > In Personam Actions > General Overview*
[HN5] The courts of the state can obtain jurisdiction of the persons of those who are domiciled within the state.

*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > Constitutional Limits*
*Constitutional Law > Bill of Rights > Fundamental Rights > Procedural Due Process > Scope of Protection*
*Governments > Courts > Clerks of Court*
[HN6] The United States Supreme Court has held that personal service upon a physically present defendant suffices to confer personal jurisdiction, reasoning that jurisdiction based on physical presence alone constitutes due process because it is one of the continuing traditions of the United States legal system that defines the due process standard of traditional notions of fair play and substantial justice.

*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > In Personam Actions > Doing Business*
*Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > General Overview*
[HN7] Under *N.Y. C.P.L.R. § 301*, a non-domiciliary may be subject to general personal jurisdiction if he or she is doing business in the state. In order to fall under the ambit of *§ 301*, the defendant must do business in New York not occasionally or casually, but with a fair measure of permanence and continuity.

*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > In Personam Actions > General Overview*
[HN8] *N.Y. C.P.L.R. § 301* simply codifies earlier case-law which incorporates the doing business in the state standard.

*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > In Personam Actions > General Overview*
*Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Actions > General Overview*
[HN9] When a state exercises personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum, the state is said to be exercising "general jurisdiction" over the defendant.

*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > In Personam Actions > Doing Business*
*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > In Personam Actions > Minimum Contacts*
[HN10] Lesser contacts than doing business in New York may be sufficient to bestow specific personal jurisdiction over a non-domiciliary. Pursuant to *N.Y. C.P.L.R. § 302* (2001), if the plaintiff's cause of action arises from any of the acts enumerated in *§ 302*, New York courts shall have jurisdiction over a non-domiciliary defendant.

*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > In Personam Actions > General Overview*
[HN11] See *N.Y. C.P.L.R. § 302* (2001).

*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > In Personam Actions > Minimum Contacts*
[HN12] When a state exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum, the state is exercising "specific jurisdiction" over the defendant.

*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > In Personam Actions > Minimum Contacts*
[HN13] The incidence of a plaintiff's New York citizenship is insufficient to create specific personal jurisdiction over non-resident defendants.

*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > In Personam Actions > General Overview*
[HN14] Where non-resident defendants have not transacted business within New York, did not commit a tortious act in New York, and do not own property in New York, *N.Y. C.P.L.R. § 302(a)(1), (2), (4)* (2001), do not authorize personal jurisdiction over them. *Section 302(a)(3)* in also unavailing where the defendants did not cause injury to person or property within the state. The situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are subsequently felt by the plaintiff.

*Civil Procedure > Jurisdiction > Jurisdictional Sources > General Overview*

*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > Constitutional Limits*
*Constitutional Law > Bill of Rights > Fundamental Rights > Procedural Due Process > Scope of Protection*
[HN15] Where there is no statutory basis for exercising personal jurisdiction over defendants, the court need not consider whether the exercise of personal jurisdiction would violate due process.

*Civil Procedure > Venue > Federal Venue Transfers > General Overview*
[HN16] See *28 U.S.C.S. § 1631*.

*Civil Procedure > Venue > Federal Venue Transfers > Jurisdictional Transfers*
*Civil Procedure > Appeals > Case Transfers*
[HN17] The United States Court of Appeals for the Second Circuit has read *28 U.S.C.S. § 1631* as requiring transfer unless it is not in the interest of justice to do so.

*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > General Overview*
*Civil Procedure > Venue > Federal Venue Transfers > Convenience Transfers*
*Civil Procedure > Venue > Federal Venue Transfers > Jurisdictional Transfers*
[HN18] *28 U.S.C.S. § 1404(a)*, entitled "Change of Venue," has been interpreted to provide courts with the authority to transfer a case for want of personal jurisdiction. However, *28 U.S.C.S. § 1631* provides express textual authority to transfer cases for want of jurisdiction, and hence is a more appropriate vehicle for such transfers.

*Governments > Legislation > Statutes of Limitations > Time Limitations*
*Torts > Procedure > Statutes of Limitations > General Overview*
[HN19] See *N.J. Stat. Ann. § 2A:14-2* ( 2004).

*Civil Procedure > Venue > Federal Venue Transfers > General Overview*
[HN20] The United States Court of Appeals for the Second Circuit has observed that whether a new action filed by a litigant would be barred as untimely is one of the factors militating in favor of transfer of a suit.

**COUNSEL:** For Janet Sabatino, Plaintiff: Christopher Jason Albee, Salzman & Winer, LLP, New York, NY.

For St. Barnabas Medical Center, M.D. Dharam Mann, Defendants: I. Blakeley Johnstone, III, Johnstone, Skok, Loughlin & Lane, New York, NY.

For M.D. Anthony F. Mastro, Defendant: Robert B. Gibson, Heidell, Pittoni, Murphy & Bach, LLP, New York, NY.

For M.D. Hang Rae Park, Defendant: Peter G. Monaghan, Bartlett, McDonough, Bastone and Monaghan, L.L.P., Mineola, NY; Robert Gerard Vizza, Bartlett, Mcdonough, Bastone & Monaghan, Mineola, NY.

For M.D. Keith Fleischman, Robert S. Dorian, M.D., Defendants: Charles S. mSchechter, Martin, Clearwater and Bell, L.L.P., New York, NY.

**JUDGES:** CHARLES S. HAIGHT, JR., SENIOR UNITED STATES DISTRICT JUDGE.

**OPINION BY:** CHARLES S. HAIGHT

**OPINION**

MEMORANDUM OPINION AND ORDER

HAIGHT, Senior District Judge:

This diversity [1] case is before the Court on the motion of defendants Anthony P. Nostro, M.D., H. Rae Pak, D.O., Keith Fleischman, D.O., and Robert S. [*2] Dorian, M.D. (collectively, "defendants"), [2] to dismiss plaintiff Janet Sabatino's case for lack of *in personam* jurisdiction pursuant to *Rule 12(b)(2) of the Federal Rules of Civil Procedure.* [3] For the reasons that follow, I conclude that this Court does not have jurisdiction over the person of defendants and I transfer the case to the United States District Court for the District of New Jersey pursuant to *28 U.S.C. § 1631.*

> 1   In my Order of January 24, 2005, I observed "that the requisite complete diversity has been pleaded, and the Court's subject matter jurisdiction is established, at least at the pleading stage." *Sabatino v. St. Barnabas Medical Center, 2005 U.S. Dist. LEXIS 930, 2005 WL 147368, at *1 (S.D.N.Y. Jan. 24, 2005).*

> 2   The names and titles of the first three defendants were misidentified in the complaint. The correct spellings and titles appear in this opinion.

> 3   Plaintiff asserts that she has entered into a stipulation with defendants St. Barnabas Medical Center and Dharam Mann, M.D. to discontinue this Southern District of New York action and to refile in the District of New Jersey, with defendants further agreeing to "waive any and all objections with respect to the Statute of Limitations, Personal or Subject Matter Jurisdiction." Plaintiff's Letter to the Court of July 14, 2005; Plaintiff's Affirmation in Opposition, P4. As a result of this stipulation -- and notwithstanding the fact that parties cannot bestow subject matter jurisdiction on a federal district court if it doesn't exist by law -- defendants St. Barnabas and Mann's motion to dismiss is moot, and this Opinion is limited to the motions of defendants Nostro, Pak, Fleischman and Dorian.

[*3] **I. Background**

On September 23, 2003, plaintiff filed her initial complaint in this Court in which she averred that she suffered injuries as a result of the negligence of defendants during the performance of a surgical procedure. Amended Compl., PP27-35, 47, 59, 71, 84, 95. The surgical procedure in question was performed on May 6, 2002, Plaintiff's Memorandum in Opposition, p. 2, and plaintiff allegedly received continuous care from defendants until June 6, 2002. Compl., PP43, 55, 67, 79, 91.

On December 15, 2004, defendants St. Barnabas and Mann filed their motion to dismiss plaintiff's claim for lack *in personam* jurisdiction, followed by Pak's motion on December 20, and Dorian, Fleischman and Nostro's motions on December 21. Plaintiff filed his opposition papers on July 29, 2005. Defendant Pak filed his reply papers on August 5, and defendants Dorian, Fleischman, and Nostro on August 8. The dispute is now fully ripe for adjudication.

**II. Discussion**

A. This Court Lacks *In Personam* Jurisdiction Over the Defendants

[HN1] A district court sitting in a diversity action, such as the case at bar, may exercise personal jurisdiction to the same extent as the courts [*4] of general jurisdiction of the state in which it sits. *Fed. R. Civ. P. 4(k)(1)(A); Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 305 F.3d 120, 124 (2d Cir. 2002).* Therefore, "personal jurisdiction over a defendant in a diversity action in the United States District Court for the Southern District of New York is determined by reference to the relevant jurisdictional statutes of the State of New York." *Beacon Enterprises, Inc. v. Menzies, 715 F.2d 757, 762 (2d Cir. 1983).*

Furthermore, [HN2] on defendants' Rule 12(b)(2) motion to dismiss for want of personal jurisdiction "the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant." *Bank Brussels Lam-*

*bert, 171 F.3d at 784; Distefano v. Carozzi North America, Inc., 286 F.3d 81, 84 (2d Cir. 2001).* However, "until an evidentiary hearing is held, [plaintiff] need only make a *prima facie* showing by its pleadings and affidavits that jurisdiction exists." *CutCo Indus., Inc. v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986).* Here, not only has plaintiff failed to make such a showing, [*5] she has expressly acknowledged that "admittedly, Plaintiff can find no basis for the Court to exercise personal jurisdiction over the remaining individual defendants." Plaintiff's Letter to the Court of July 14, 2005. [4] Nor can I.

    4    *See also* Plaintiff's Reply Memorandum of Law, p. 4 ("As far as the individual defendants, in the absence of additional discovery, apparently [sic] have only minimal contacts with the State of New York.").

[HN3] New York law provides two means of gaining personal jurisdiction over non-consenting, [5] non-domiciliary [6] defendants who were not served with process while physically present in the forum state, [7] such as the defendants in the case at bar. Neither means is available to plaintiff here.

    5    [HN4] "Where the court has jurisdiction of the subject-matter of an action, consent will confer jurisdiction of the person . . . ." *McCormick v. Pennsylvania Cent. R. Co., 49 N.Y. 303, 303 (1872).* None of the defendants have expressly or impliedly consented to *in personam* jurisdiction, nor have they waived their right to contest such jurisdiction pursuant to *Rule 12(h)(1), Fed. R. Civ. P.*

[*6]

    6    [HN5] "The courts of the state can obtain jurisdiction of the persons of those who are domiciled within the state . . . ." *Rawstorne v. Maguire, 265 N.Y. 204, 207, 192 N.E. 294 (1934).* The four individual defendants whose motions are considered herein are each citizens -- that is to say, domiciliaries -- of the State of New Jersey. Nostro Aff., PP1-3; Pak Aff., P7; Fleischman Aff., P3; Dorian Aff., P3.

    7    [HN6] The Supreme Court has held that "personal service upon a physically present defendant sufficed to confer jurisdiction" reasoning that "jurisdiction based on physical presence alone constitutes due process because it is one of the continuing traditions of our legal system that define the due process standard of 'traditional notions of fair play and substantial justice.'" *Burnham v. Superior Court of California, County of Marin, 495 U.S. 604, 610, 619, 109 L. Ed. 2d 631, 110 S. Ct. 2105 (1990)* (quoting *International Shoe Co. v.*

*Washington, 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154 (1945)).* The Affidavits of Service filed with the Clerk of Court on November 19, 2005 indicate that service of process was completed on each defendant while they were physically present within the State of New Jersey.

[*7] [HN7] Under *N.Y. C.P.L.R. § 301* [8] a non-domiciliary may be subject to general [9] personal jurisdiction if he or she is "doing business" in the state. *Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88, 95 (2d Cir. 2000).* In order to fall under the ambit of *§ 301*, the defendant must "do[] business in New York 'not occasionally or casually, but with a fair measure of permanence and continuity.'" *Id.* (quoting *Tauza v. Susquehanna Coal Co., 220 N.Y. 259, 267, 115 N.E. 915 (1917)); see also Landoil Resources Corp. v. Alexander & Alexander Servs., Inc., 918 F.2d 1039, 1043 (2d Cir.1990)* (requiring "continuous, permanent, and substantial activity in New York").

    8    [HN8] *N.Y. C.P.L.R. § 301* simply codifies earlier caselaw which incorporated the "doing business" standard. *Hoffritz for Cutlery, Inc. v. Amajac, Ltd., 763 F.2d 55, 58 (2d Cir.1985)*

    9    [HN9] "When a State exercises personal jurisdiction over a defendant in a suit *not* arising out of or related to the defendant's contacts with the forum, the State has been said to be exercising 'general jurisdiction' over the defendant." *Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 n.9, 80 L. Ed. 2d 404, 104 S. Ct. 1868 (1984)* (emphasis added).

[*8] The evidence on the record makes plain that the non-domiciliary defendants are not subject to the general jurisdiction of New York courts. The four defendant doctors are all licensed to practice *only* in the State of New Jersey and none has ever had an office or been licensed to practice in the State of New York. Fleishman Aff., PP4-6 *in* Schecter Aff., Ex. C; Dorain Aff., PP4-6 *in* Schecter Aff., Ex. D; Nostro Aff., P3 *in* Scherr Aff., Ex. C; Pak Aff. P4 *in* Pak's Memorandum of Law, Ex. A. Nor is there any evidence that they otherwise engaged in any other activity sufficient to subject them to the general jurisdiction of New York courts.

However, [HN10] lesser contacts with New York state may also be sufficient to bestow specific [10] personal jurisdiction over a non-domiciliary. Pursuant to *N.Y. C.P.L.R. § 302*, if plaintiff's "cause of action aris[es] from any of the acts enumerated in this section," [HN11] New York courts shall have jurisdiction over a non-domiciliary defendant who:

1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or

2. commits a tortious act within the state, except as [*9] to a cause of action for defamation of character arising from the act; or

3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

4. owns, uses or possesses any real property situated within the state.

*N.Y. C.P.L.R. § 302 (McKinney's 2001).*

10 [HN12] "When a State exercises personal jurisdiction over a defendant in a suit *arising out of or related to* the defendant's contacts with the forum, the State is exercising 'specific jurisdiction' over the defendant." *Helicopteros Nacionales de Colombia, S.A., 466 U.S. at 414 n.8* (emphasis added).

[*10] According to the plaintiff, she was injured during the course of a surgical procedure conducted on May 20, 2002 at defendant Saint Barnabus Medical Center, a facility located in Livingston, New Jersey and, like the individual defendant-doctors, which is not licensed or authorized to conduct business in New York. Amended Compl., PP2, 5-6.16-18, 26-35. Plaintiff's entire course of treatment, from pre-surgery examinations through the post-surgery care, was conducted in New Jersey, by doctors licensed to practice only in New Jersey, and at a facility authorized to conduct business only in New Jersey. *Id.* at PP45, 58, 71, 84, 97. In fact, the sole connection between the conduct allegedly causing plaintiff's injury and the State of New York is the fact of plaintiff's status as a domiciliary of New York. [HN13] The incidence of plaintiff's New York citizenship is insufficient to create specific personal jurisdiction on the defendants.

Because [HN14] the defendants have not "transacted business" within New York, did not commit a tortious act in New York, and do not own property in *New York, C.P.L.R. §§ 302(a)(1), (2),* and *(4)* do not authorize jurisdiction. *Section 302(a)(3)* [*11] in also unavailing because defendants did not "cause injury to person or property within the state." *C.P.L.R. § 302(a)(3).* "The situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are subsequently felt by the plaintiff." *Hermann v. Sharon Hosp., Inc., 135 A.D.2d 682, 683, 522 N.Y.S.2d 581 (2d Dep't.1987) (citing McGowan v. Smith, 52 N.Y.2d 268, 273-74, 419 N.E.2d 321, 437 N.Y.S.2d 643 (1981)).* Here, plaintiff acknowledges that the events which she alleges caused her injury occurred entirely in the State of New Jersey.

Based upon the foregoing, I hold that neither of New York's long arm statutes, *N.Y. C.P.L.R. §§ 301* or *302,* provide for jurisdiction over the defendants in the case at bar, and consequentially this Court is without jurisdiction to adjudicate this dispute. [11]

11 Because [HN15] there is no statutory basis for personal jurisdiction over the defendants, I needn't consider whether the exercise of personal jurisdiction would violate due process. *See International Shoe Co. v. State of Washington, 326 U.S. 310, 319, 90 L. Ed. 95, 66 S. Ct. 154 (1945); Hanson v. Denckla, 357 U.S. 235, 253-54, 2 L. Ed. 2d 1283, 78 S. Ct. 1228 (1958).*

[*12] B. Transfer of this Action Pursuant to *28 U.S.C. § 1631*

Acknowledging that this Court likely lacks jurisdiction over this action, plaintiff requests that the action be transferred to the District of New Jersey pursuant to *28 U.S.C. § 1631.* That statute provides, in relevant part:

[HN16] Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court *shall,* if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed or noticed . . . .

*28 U.S.C. § 1631* (emphasis added). [12] [HN17] The Second Circuit has read *§ 1631* as requiring transfer "unless it is not in the interest of justice to do so." *Paul v. I.N.S., 348 F.3d 43, 46 (2d Cir. 2003).*

12 Based on the language of a 1962 Supreme Court decision, [HN18] *28 U.S.C. § 1404(a),* en-

2005 U.S. Dist. LEXIS 20647, *

titled "Change of Venue," has also been inter-preted to provide courts with the authority to transfer a case for want of personal jurisdiction. *See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 8 L. Ed. 2d 39, 82 S. Ct. 913 (1962).* However, § *1631,* enacted in 1982, provides express textual authority to transfer cases for want of jurisdic-tion, and hence is a more appropriate vehicle for such transfers.

[*13] Here, there is no evidence that plaintiff filed her case in this Court in bad faith: no benefit accrued to plaintiff by so filing, nor did any detriment befall the defendants. Moreover, while plaintiff's case was filed within the relevant statute of limitations of both New York and New Jersey, dismissal at this juncture would prevent plaintiff from re-filing in New Jersey because the action would be time-barred by that State's statute of limitations. *See* [HN19] *N.J. Stat. Ann. § 2A:14-2* (West 2004) ("Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within 2 years next after the cause of any such action shall have accrued . . . .") In these circumstances, [HN20] the Sec-ond Circuit has observed that "whether a new action filed by the litigant would be barred as untimely is one of the factors . . . militating in favor of transfer. *Id. at 47* (citing *Liriano v. United States, 95 F.3d 119 (2d Cir. 1996).* For these reasons, I find that it is in the interest of justice to

transfer this action to a "court in which the action . . . could have been brought at [*14] the time it was filed or noticed," namely the United States District Court for the District of New Jersey. *28 U.S.C. § 1631.*

III. Conclusion

In these circumstances, and based upon the forego-ing:

1. Defendants' motion to dismiss for lack of personal jurisdiction in the Southern District of New York is granted.

2. Plaintiff's request to transfer this action to the Dis-trict of New Jersey is granted.

3. The Clerk is directed to send the case file in the case at bar to the Clerk of the United States District Court for the District of New Jersey, Newark Division, together with a copy of this Opinion and Order.

It is SO ORDERED

Dated: September 19, 2005

New York, NY

CHARLES S. HAIGHT, JR.

SENIOR UNITED STATES DISTRICT JUDGE

## <u>CERTIFICATE OF SERVICE</u>

I, MICHAEL T. CONWAY, certify the following to be true under the penalties of perjury: on March 7, 2008, I served the within NOTICE OF MOTION TO DISMISS COMPLAINT (with supporting papers) on the parties listed below by depositing one true copy of said paper to the addresses listed below, enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

> Daniel M. Tanenbaum, Esq.
> Law Offices of Daniel M. Tanenbaum
> 111 Great Neck Road
> Suite 308
> Great Neck, New York 11021

Dated: New York, New York
      March 7, 2008

> /s/  Michael T. Conway
> Michael T. Conway