UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JUDD KAROFSKY,

                     Plaintiff,

      v.

JOIE DE VIVRE, INC.,

                    Defendant.

Case Number: 08 CV 01007 (SCR)

---

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS COMPLAINT

LeCLAIR RYAN, a Professional Corporation
830 Third Avenue, Fifth Floor
New York, New York 10022
Telephone: (212) 430-8020
Facsimile: (212) 430-8079
Michael T. Conway, Esq.
Thomas C. Regan, Esq.

*Attorneys for Defendant Joie de Vivre Hospitality, Inc.*

4081073-1

## TABLE OF CONTENTS

Table of Contents...................................................................................... ...............................i

Table of Authorities ................................................................................... ..............................ii

Introduction.............................................................................................. ...............................1

Statement of Allegations and Jurisdictional Facts ................................................. ...............................2

Argument .................................................................................................. .............................3

    I.      This Court Cannot Exercise Personal Jurisdiction Over
          Defendant Joie de Vivre Hospitality, Inc......................................... ...............................3

        A.  New York State Law Does Not Allow for Personal
            Jurisdiction Over Defendant Joie de Vivre Hospitality, Inc...... .............................4

            1.  Defendant Joie de Vivre Hospitality, Inc. Is
                Not "Doing Business" in New York for Purposes
                Of CPLR § 301 ...................................................................... .............................4

            2.  Defendant Joie de Vivre Hospitality, Inc. Does Not
                "Transact Business" in New York for Purposes of
                CPLR § 302(a)(1) .................................................................... .............................5

            3.  Defendant Joie de Vivre Hospitality, Inc. Is Not
                  Subject to Personal Jurisdiction in New York Pursuant to
                CPLR § 302(a)(3) .................................................................... .............................6

        B.  The Exercise of Personal Jurisdiction Over Joie de Vivre
            Hospitality, Inc. Would Offend the Due Process
            Requirements of United States Constitution............................... .............................8

    II.     Venue in New York is Improper under 28 U.S.C. §1391(a) .......... .............................10

Conclusion ............................................................................................... ...........................11

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

<u>**Cases**</u>

Arrowsmith v. United Press Int'l, 320 F.2d 219 (2d Cir. 1963) ......................................................... 3

Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 305 F.3d 120 (2d Cir. 2002) ................. 8

Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S. Ct. 2174 (1985) ......................................... 8

Cooper, Robertson & Partners, LLP v. Vail, 153 F. Supp. 2d 367 (S.D.N.Y. 2001) ........................ 6

Cutco Indus.. Inc. v. Naughton, 806 F.2d 361 (2d Cir. 1986) ........................................................... 5

Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 104 S. Ct. 1868 (1984)) ........... 8

Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,
456 U.S. 694, 102 S. Ct. 2099 (1982) ............................................................................................... 3

International Shoe Co. v. Washington, 326 U.S. 310, 66 S. Ct. 154 (1945) ..................................... 3

Jacobs v. Felix Bloch Erben Verlag fur Buhne Film  und Funk KG, 160 F. Supp. 2d 722
(S.D.N.Y. 2001) ............................................................................................................................ 4, 5

Jazini v. Nissan Motor Co., 148 F.2d 181 (2d Cir. 1998) ................................................................. 3

J.L.B. Equities, Inc. v. Ocwen Fin. Corp., 131 F. Supp. 2d 544 (S.D.N.Y. 2001). ........................... 4

Kernan v. Kurz-Hastings, Inc., 173 F.3d 236 (2d Cir. 1999) ............................................................ 8

Metropolitan Life Ins. Co. v. United Dominion Robertson-Ceco Corp.,
84 F.3d 560 (2d Cir. 1996) ........................................................................................................ 3, 8, 9

Rivera v. Atlantic City Med. Ctr., 2006 U.S. Dist. LEXIS 15843 (S.D.N.Y. Mar. 30, 2006) .......... 7, 8

Sabatino v. St. Barnabas Med. Ctr., 2005 U.S. Dist. LEXIS 20647 (S.D.N.Y. Sept. 20, 2005) ....... 6

World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S. Ct. 559 (1980) ......................... 8

<u>**Statutes**</u>

28 U.S.C. §1391(a) .......................................................................................................................... 11

28 U.S.C. §1406(a) .......................................................................................................................... 11

28 U.S.C. §§1404(a) .........................................................................................................11

Fed. R. Civ. P. 12(b)(2)............................................................................................ 4, 10, 12

Fed. R. Civ. P. 12(b)(3)............................................................................................... 11, 12

Fed. R. Civ. P. 4(k)(1)(A) ................................................................................................ 3

NY CPLR § 302(a)(1)....................................................................................................... 5

NY CPLR §302(a)(3)(i)............................................................................................. 1, 6, 7

NY CPLR §302(a)(3)(ii),.......................................................................................... 1, 6, 8

Defendant Joie de Vivre Hospitality, Inc. submits this memorandum of law in support of its motion to dismiss pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure.

## INTRODUCTION

On or about January 31, 2008, Plaintiff Judd Karofsky ("Karofsky") filed this lawsuit against Joie de Vivre Hospitality, Inc. (i/p/a Joie De Vivre, Inc. and hereinafter "Defendant"), a corporation that is located in the State of California.  The Complaint purports to allege a single count of negligence against defendant in the operation of Hotel Vitale, located at 8 Mission Street, San Francisco, California.  Defendant operates a number of hotels, including the Hotel Vitale, all of which are located within the State of California.

This Court lacks personal jurisdiction over Defendant.  The Defendant does not engage in continuous, permanent, and substantial activity in New York to establish general personal jurisdiction.  It also does not transact business in New York sufficient to satisfy New York's long arm statute.  Similarly, it is not alleged to have committed a tortious act that caused injury in New York and cannot satisfy the remaining factors necessary to find personal jurisdiction pursuant to New York Civil Practice Law & Rules ("CPLR") § 302(3)(i) or (ii).

Venue in this District is improper under 28 U.S.C. §1391(a) because Defendant does not reside in New York.  Plaintiff also has failed to allege sufficient facts to state an actionable claim against Defendant as a matter of law.  Accordingly, Defendant is entitled to the dismissal of Karofsky's Complaint.

## STATEMENT OF ALLEGATIONS AND JURISDICTIONAL FACTS

**A.    Allegations in the Complaint[1]**

Karofsky alleges that on or about June 28, 2007, he was a registered guest at the Hotel Vitale. Compl., ¶7.  Karofsky alleges that while a guest at the hotel, he was "kidnapped" from the bar at the hotel and subsequently "drugged, assaulted, robbed and left wounded in an alley in Chinatown, San Francisco. Compl., ¶8.  Karofsky also alleges that the hotel provided inadequate security as a result of "similar patterns of criminal activity at Hotels throughout the San Francisco metropolitan area" of which Defendant "knew or should have known".  Compl. ¶9-10.

**B.    Jurisdictional Facts**

Karofsky alleges that Defendant is a domestic corporation organized under the laws of the State of California. Compl., ¶ 2.  Karofsky further alleges that Defendant is the owner of the Hotel Vitale located at 8 Mission Street, San Francisco, California 94105. Compl., ¶6.  Karofsky does not allege that Defendant operates in New York or that it has any contact with New York. Joie de Vivre Hospitality, Inc. does not own or operate hotels in New York, does not advertise through any outlets in New York, and it has no offices, employees, or bank accounts in New York.[2] Defendant does not have any ownership interest in real property located in the State of New York and has not entered into any contracts to provide hospitality services within the State of New York.  Taylor Decl., ¶¶10, 13.  Defendant also does not pay taxes in the State of New York and does not directly solicit guests from New York.  *Id.*, ¶¶ 14, 15.  Defendant is not licensed to operate in New York, and it maintains no registered agent in New York.  *Id*., ¶ 16.

---

[1] A true and correct copy of the Complaint is annexed to the March 6, 2008 Declaration of Michael T. Conway ("Conway Decl.") as Exhibit "A".

[2] *See* March 3, 2008 Declaration of Euan Taylor ("Taylor Decl."), ¶¶ 6-9, 11-12.

4081073-1                                        2

## ARGUMENT

**I.    THIS COURT CANNOT EXERCISE PERSONAL JURISDICTION
        OVER DEFENDANT JOIE DE VIVRE HOSPITALITY, INC.**

In this diversity action, the exercise of *in personam* jurisdiction over Joie de Vivre Hospitality, Inc. (hereinafter "Joie de Vivre" or "Defendant") is governed by New York state law and the due process requirements of the United States Constitution.  *See Metropolitan Life Ins. Co. v. United Dominion Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996) (personal jurisdiction in diversity action governed by state law except to the extent such jurisdiction "'contravenes a constitutional guarantee'") (quoting *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 223 (2d Cir. 1963) (en banc)).  This Court cannot exercise personal jurisdiction over Joie de Vivre unless it can properly be held to the jurisdiction of a New York state court.  *See* Fed. R. Civ. P. 4(k)(1)(A); *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 711, 102 S. Ct. 2099, 2108-09 (1982); *Jazini v. Nissan Motor Co.*, 148 F.2d 181, 183-84 (2d Cir. 1998).

At this stage in the litigation, plaintiff bears the burden of establishing a *prima facie* case that jurisdiction exists.  *See Fort Knox Music, Inc. v. Baptiste*, 139 F. Supp. 2d 505, 508 (S.D.N.Y. 2001).  Karofsky must prove personal jurisdiction either under New York's "general jurisdiction" provision, CPLR § 301, or under one or more of the "specific jurisdiction" subparts of the New York long arm statute, CPLR § 302.  In either case, the exercise of personal jurisdiction must also satisfy the constitutional requirements of due process: that the defendant has minimum contacts with the jurisdiction and that the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice."  *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945).

As is evident from the face of the Complaint, Karofsky has not the required factual showing to support this Court's exercise of personal jurisdiction over Joie de Vivre. In fact, he cannot do so. Plaintiff's Complaint should be dismissed, pursuant to Fed. R. Civ. P. 12(b)(2).

**A.    New York State Law Does Not Allow For Personal Jurisdiction Over Joie de Vivre.**

    1.    Defendant Joie de Vivre Hospitality, Inc. is Not "Doing Business" in New York for Purposes of CPLR § 301.

Section 301 of the CPLR permits the exercise of *in personam* jurisdiction over a foreign corporation or person that is "doing business" in the state. *See* CPLR § 301 (McKinney 2001); *Jacobs v. Felix Bloch Erben Verlag fur Buhne Film und Funk KG*, 160 F. Supp. 2d 722, 731 (S.D.N.Y. 2001). The Second Circuit has explained the "doing business" standard by stating that it "requires a showing of 'continuous, permanent, and substantial activity in New York.'" *Jacobs*, 160 F. Supp. 2d at 731 (quoting *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 95 (2d Cir. 2000)). In determining jurisdiction under Section 301, New York courts generally consider the following factors: the existence of an office in New York; the solicitation of business in New York; the presence of bank accounts and other property in New York; and the presence of employees or agents in New York *See J.L.B. Equities, Inc. v. Ocwen Fin. Corp.*, 131 F. Supp. 2d 544, 548 (S.D.N.Y. 2001).

Applying these factors here supports the conclusion that Joie de Vivre is not subject to general jurisdiction in New York. According to plaintiff's complaint, Joie de Vivre is a California corporation that operates at least one hotel in California. Compl., ¶¶ 2,6. In fact, Joie de Vivre operates a number of hotels, and all of the hotels are in the State of California. Taylor Decl., ¶ 6. Joie de Vivre does not provide hotel services in New York, does not operate any facilities in New York, has no offices or employees in New York, and does not maintain bank

accounts in New York.  *See* Taylor Decl., ¶¶6-9, 11-12.  Joie de Vivre does not own, operate or

lease any real property located in New York and has not entered into any contracts to provide

services within the State of New York.  *Id.*, ¶¶10, 13.  Joie de Vivre also does not pay taxes in

the State of New York and does not directly solicit guests from New York.  *Id.*, ¶¶ 14, 15.

Occasional trips to New York to discuss the hotel with travel agents do not constitute

"continuous" or "permanent" activity, and it should not be held to be "substantial" activity either.

As indicated by plaintiff's own allegations and the attached declaration, Joie de Vivre has

not engaged in "continuous, permanent, and substantial activity" in New York that is required to

confer this Court with personal jurisdiction under Section 301.  *See Jacobs*, 160 F. Supp. 2d at

731.

      2.      Defendant Joie de Vivre Hospitality, Inc. Does Not
               "Transact Business" in New York for Purposes of CPLR § 302(a)(1).

Relevant to the claims asserted, long-arm jurisdiction under Section 302 of the CPLR

requires that the defendant transact business in New York, either directly or through an agent.

Specifically, Section 302(a)(1) permits New York courts to "exercise personal jurisdiction over

any non-domiciliary . . . who in person or through an agent transacts any business within the

state or contracts anywhere to supply goods or services in the state."  CPLR § 302(a)(1)

(McKinney 2001).  This requirement establishes a lower threshold of activity than is required for

general jurisdiction, but "the claim against the nondomiciliary must arise out of the business

activity" that allegedly creates jurisdiction.  *Cutco Indus.. Inc. v. Naughton*, 806 F.2d 361, 365

(2d Cir. 1986). "[A]n 'articulable nexus between the business transacted and the cause of action

sued upon' is essential." *Id*.

Here, this requirement has not been satisfied for the simple reason that Karofsky has not

alleged any facts that would support a basis for jurisdiction in New York.  Furthermore, Joie de

4081073-1          5

Vivre does not provide services in the State of New York, and Karofsky's claim does not arise out of any business activities conducted in New York. *See* Taylor Decl., ¶6, 11; Compl., ¶¶2-6. Defendant, therefore, has not "purposely avail[ed] itself of the privilege of conducting business within the forum State." *Cooper, Robertson & Partners, LLP v. Vail*, 153 F. Supp. 2d 367, 370 (S.D.N.Y. 2001) (internal quotations omitted). This Court cannot exercise personal jurisdiction under CPLR §302(a)(1).

   3.    Defendant Joie de Vivre Hospitality, Inc. Is Not Subject to
         Personal Jurisdiction in New York Pursuant to CPLR § 302(a)(3).

Pursuant to Section 302(a)(3) of the CPLR, personal jurisdiction can be exercised over any Defendant who "commits a tortious act without the state causing injury to person or property within the state… if he:

> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

NY CPLR §302(a)(3) (McKinney 2001). Personal jurisdiction pursuant to CPLR §302(a)(3) does not exist for three reasons.

First, Defendant did not commit "a tortious act [in California] causing injury to person or property [in New York]." According to New York law, the situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are subsequently felt by the plaintiff. *Sabatino v. St. Barnabas Med. Ctr.*, 2005 U.S. Dist. LEXIS 20647, *10-11 (S.D.N.Y. Sept. 20, 2005) (quoting *Hermann v. Sharon Hosp., Inc.*, 522 N.Y.S.2d 581, 582-83, 135 A.D.2d 682, 683 (2nd Dep't. 1987) (attached to the Conway Decl. as Exhibit "B"). According to the Complaint, Defendant allegedly committed its negligent acts while

Karofsky was a registered guest in Hotel Vitale in San Francisco. Compl., ¶¶2, 6, 7-12. The situs of the injury is, therefore, California. Karofsky does not allege otherwise.

Second, for the reasons set forth in Section II.A.1 and II.A.2 of this memorandum, the Defendant does not "regularly do[] or solicit[] business, engage[] in any other persistent conduct or derive[] substantial revenue from goods used or consumed or services rendered" in New York. Thus, a finding of personal jurisdiction cannot be based on CPLR §302(a)(3)(i).

Third, assuming only for purposes of this motion that, according to the first prong of CPLR §302(a)(3)(ii), Defendants should have reasonably expected their treatment of Karofsky to have consequences in New York, the second prong cannot be satisfied, because Defendant does not derive "substantial revenue from interstate or international commerce." The operator of a hotel is not unlike the operator of a hospital, to wit, both are likely to tend to patrons who are from outside the jurisdiction as well as those inside its home jurisdiction. The Southern District of New York has determined that a health care provider who provides medical services wholly within his own State, does not engage in "interstate commerce" under CPLR §302(a)(3)(ii). *Rivera v. Atlantic City Med. Ctr.*, 2006 U.S. Dist. LEXIS 15843, *5 (S.D.N.Y. Mar. 30, 2006) (attached to the Conway Decl. as Exhibit "L"). As the court in *Rivera* explained:

> [s]ince the question concerns the interpretation of a New York statute, [the] ruling by New York's highest court is controlling. Here,…plaintiff Rivera was treated by a New Jersey hospital in New Jersey. Like the physician in *Ingraham*, ACMC was aware that plaintiff was from New York and would return there to suffer the consequences of any malpractice committed by ACMC, and indeed it can be assumed (as plaintiff alleges) that ACMC, like the physician in *Ingraham*, had "frequent" occasion to treat New York or other out-of-state patients who were visiting the area to take advantage of the tourist attractions of Atlantic City. *But for purposes of New York's long-arm statute, "the diversity of a physician's pool of patients, without more, cannot convert an otherwise local practice to an interstate business activity," and the treatment even of out-of-state patients in a local facility is "inherently personal, and local, in nature," and does not satisfy the "interstate commerce" requirement of section 302(a)(3)(ii).*

4081073-1                                         7

*Rivera*, 2006 U.S. Dist. LEXIS at *6-7 (relying upon *Ingraham v. Carroll*, 683 N.E. 2d 1293, 90

N.Y.2d 592, 665 N.Y.S. 2d 10 (1997)) (emphasis added). A finding of personal jurisdiction,

based on CPLR §302(a)(3)(ii), is simply not justified.

In sum, New York State has no meaningful connection with Defendant or the events

complained of by Karofsky.

> **B.    The Exercise of Personal Jurisdiction Over Joie de
> Vivre Hospitality, Inc. Would Offend the Due Process
> Requirements of United States Constitution.**

In addition to failing the requirements of New York's jurisdictional statutes, an exercise

of personal jurisdiction over Joie de Vivre would not comport with constitutional due process

because none of the Defendants has the requisite "minimum contacts" with New York. *See*

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559, 567 (1980) (due

process requires that defendant "purposely avails" itself of the privilege and protection of forum

state law); *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 128 (2d Cir.

2002) (minimum contacts cannot be created by "'unilateral activity of another party or third

person'") (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174, 2184

(1985)).[3] Due process ultimately asks whether the exercise of jurisdiction would "comport[ ]

with 'traditional notions of fair play and substantial justice' – that is, whether it is reasonable

under the circumstances of the particular case." *Metropolitan Life Ins. Co.*, 84 F.3d at 568

---

[3] As with jurisdiction under New York law, the "minimum contacts" required to satisfy federal
due process vary in substance and nature with the distinction made between "specific"
jurisdiction and "general" jurisdiction. *Metropolitan Life Ins. Co.*, 84 F.3d at 567-68. When
specific jurisdiction is claimed, the plaintiff must show that its cause of action arises from
defendant's forum contacts. *See Kernan v. Kurz-Hastings, Inc.*, 173 F.3d 236, 242 (2d Cir.
1999) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S. Ct.
1868, 1872 (1984)). The minimum contacts required when general jurisdiction is at issue must
be shown to be "'continuous and systematic general business contacts.'" *Metropolitan Life Ins.
Co.*, 84 F.3d at 568 (quoting *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 414, 104 S.
Ct. at 1872).

(citing *International Shoe*, 326 U.S. at 316, 66 S. Ct. at 158).  Joie de Vivre has not purposefully established any individual contacts with the State of New York sufficient to subject it either to general or specific jurisdiction, and the assertion of such jurisdiction violates due process.

Whether jurisdiction is reasonable in a given case depends upon "(1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies." *Metropolitan Life Ins. Co.*, 84 F.3d at 568 (citing *Asahi Metal Ind. Co. v. Superior Court*, 480 U.S. 102, 113-14, 107 S. Ct. 1026, 1033 (1987)).

Joie de Vivre does not own or operate hotel facilities in the State of New York, has no offices, employees, or bank accounts in New York, and owns no property in New York.  Indeed, Joie de Vivre does not engage in business operations in any manner within the State of New York.  Furthermore, Karofsky's claim is not based on any alleged activity of the Defendant in the State of New York.  The allegations in this case are essentially that Mr. Karofsky was the victim of intentional, criminal activity on the part of unknown persons in the City of San Francisco, and that the Defendant should have protected him from that activity.  Mr. Karofsky intends to rely on an allegation that there were "similar patterns" of such criminal activity in the San Francisco metropolitan area.  He further intends to prove that security at the hotel was inadequate.

In just the above summary of the claims and purported proofs, the depositions of multiple employees of the Hotel Vitale, multiple employees of the San Francisco law enforcement community, and medical personnel in San Francisco who examined and treated the plaintiff are contemplated.  The costs associated with engaging in discovery with just the employees of the

4081073-1                                                    9

hotel, in addition to preparing them for and their appearance at trial, present an extreme hardship to the Defendant. Attempting to procure the simplest of discovery will require the issuance of subpoenas in the Northern District of California. Depositions of non-party witnesses will similarly require such subpoenas. Those same depositions will require travel to and from California on a regular basis in order to satisfy the confines of the court's scheduling orders. In short, the "most efficient resolution of the controversy" cannot take place in the Southern District of New York. Conversely, Plaintiff's interest in obtaining efficient relief will be satisfied if the case is re-filed in the Northern District of California, and the ability to travel between New York and San Francisco for a single plaintiff and his counsel is well-known. At least three New York area airports run daily, non-stop flights to San Francisco.

Similarly, New York has virtually no interest in adjudicating the presence of criminal activity within the San Francisco metropolitan area. While New York certainly has an interest in adjudicating injuries to its citizens, that interest is outweighed by the public interest in adjudicating allegations (supported or otherwise) of widespread criminal activity taking place in hotel bars in a city where tourism is a major component of the city's income.

In short, the exercise of jurisdiction over Joie de Vivre is inappropriate under widely accepted constitutional standards. Plaintiff's Complaint should, therefore, be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

## II.    VENUE IN NEW YORK IS IMPROPER UNDER 28 U.S.C. §1391(a).

In addition to the Complaint's numerous jurisdictional defects, venue does not properly lie in this District under 28 U.S.C. §1391(a). Section §1391(a) states that an action based on diversity jurisdiction may be brought *only* in the judicial district a) where any *defendant* (not plaintiff) resides; 2) where a substantial part of the events giving rise to a claim occurred; or 3)

where any defendant is subject to personal jurisdiction, if there is no other district in which the action may be brought. As noted earlier, the Defendant does not reside in New York, and it is not subject to personal jurisdiction in New York. Furthermore, none of the events allegedly giving rise to Karofsky's claim occurred in this District. Plaintiff's contention that, under §1391(a), venue is proper in the Southern District of New York, because "plaintiff resides in the Southern District of New York" is patently absurd.

This litigation should, therefore, be dismissed pursuant to Fed. R. Civ. P. 12(b)(3). *See also* 28 U.S.C. §1406(a).[4]

## CONCLUSION

For all of the reasons stated above, Joie de Vivre Hospitality, Inc. is entitled to the dismissal of the Complaint, pursuant Fed. R. Civ. P. 12(b)(2) and 12(b)(3).[5]

Dated: New York, New York
        March 7, 2008

                                        LECLAIR RYAN, a Professional Corporation

                                        By:   /s/  Michael T. Conway
                                                Michael Conway, Esq.
                                                950 Third Avenue
                                                New York, NY  10022
                                                Phone:  212-758-9300
                                                Fax:  212-888-0919


                                        *Attorneys for Defendants Joie de Vivre
                                        Hospitality, Inc.*

---

[4] Defendants reserve the right to seek a transfer of venue to the Northern District of California, pursuant to 28 U.S.C. §§1404(a) and 1406(a) in the event this matter is not dismissed.

[5] Karofsky should not be permitted to conduct any discovery prior to the Court's ruling on this motion. Jurisdictional discovery is inappropriate, where, as in this case, the plaintiff has failed to allege facts from which a court properly could infer the existence of jurisdiction. *See Duval Steel Products v. M.J. Juraj Dalmatinac*, 718 F. Supp. 159, 162 (S.D.N.Y. 1989).

## CERTIFICATE OF SERVICE

I, MICHAEL T. CONWAY, an attorney duly admitted to the practice of law in this state, certify the following to be true under the penalties of perjury:  on March 7, 2008, I served the within MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT on the parties listed below by depositing one true copy of said paper to the addresses listed below, enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

> Daniel M. Tanenbaum, Esq.
> Law Offices of Daniel M. Tanenbaum
> 111 Great Neck Road
> Suite 308
> Great Neck, New York 11021

Dated: New York, New York
      March 7, 2008

> /s/  Michael T. Conway
> Michael T. Conway